FILED
2006 Jun-20 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| CHRIS DWAYNE WILLIAMS, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 05-JHH-RRA-0063-J |
| ] | |
| WARDEN JERRELL FARRELL and ] | |
| THE ATTORNEY GENERAL FOR ] | |
| THE STATE OF ALABAMA, ] | |
| ] | |
| Respondents. ] | |

## MEMORANDUM OF DECISION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed, because the claims are barred by procedural default because they were not raised on appeal from the denial of Williams' Rule 32 petition. The petitioner has filed objections.

In his unsworn objections, Williams states that:

    1) I have not had a lawyer this whole time explain the rules to me or helped me in my process. (Ineffective Assistance of Counsel);
    2) I was "prejudiced" because the state court after dismissing my Rule 32 "<u>did not</u>" allow me to appeal. I did write a written notice of appeal. (Papers are in the legal work received by Walker Co. Cir. Clerk);
    3) It is without my fault that I had to go (Habeas Corpus) because the state would not allow me to appeal in Court of Criminal Appeals; instead they never responded to my letters on appeal; and
    4) I had a lawyer (G. Alan Simmons) who knows the process of appeal, and knew I did want to and <u>refused</u> to come see me here at the county hail and <u>never</u> filed no [sic] timely appeal for me.

Even assuming that Williams has shown sufficient cause to excuse the procedural default of his claims by failing to appeal the denial of his Rule 32 petition, Williams' claims are still not

properly before this court. First, even if he had shown cause to excuse this procedural default, he has not shown that he was prejudiced in any way. Furthermore, even if the claims were not procedurally barred by his failure to raise them on appeal from the denial of his Rule 32 petition, the claims would still be barred by procedural default because when Williams raised the claims in his Rule 32 petition, the Walker County Circuit Court held that the claims "could have been raised at the time of the plea and/or in a timely filed appeal." The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner*s claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, __ U.S. __, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Walker County Circuit Court, the last state court to render judgment on these claims, clearly and specifically held that the claims were procedurally barred. Therefore, the claims would

2

still be procedurally barred, and again, Williams has not established that he was prejudiced by the default of these claims.

Finally, if Williams' claims had not been procedurally defaulted, they would still not be properly before this court because in the Rule 32 petition, the trial court denied the claims on the merits and Williams has not shown that the adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999).

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the   20th   day of June, 2006.

*[signature: James H. Hancock]*
SENIOR UNITED STATES DISTRICT JUDGE

3